UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY L. COOK,

    Plaintiff,

vs.                                                                                                Case No. 12-14651

MICHIGAN STATE DISBURSEMENT UNIT,              HON. AVERN COHN
FRIEND OF COURT,

    Defendants.
_____/

## ORDER
## GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS
## AND
## DISMISSING COMPLAINT

### I. Introduction

Plaintiff, Mary L. Cook, proceeding pro se, filed a complaint naming "Michigan State Disbursement Unit" and "Friend of Court" as defendants. Plaintiff seeks to proceed in forma pauperis. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis status. For the reasons that follow, however, the complaint will be dismissed for lack of subject-matter jurisdiction and for failure to state a claim under 28 U.S.C. § 1915(e)(2). As will be explained, plaintiff has not set forth any claim over which this federal court can grant her relief.

### II. Legal Standard

The screening procedures established by § 1915 apply to cases filed by non-prisoners and prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.

1997). Section 1915(e)(2) allows the Court to dismiss a case at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

Finally, the Court has a duty to construe a pro se plaintiff's pleadings liberally, see, e.g., Erickson v. Pardus, 551 U.S. 89, (2007), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. See GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). While leave to amend pleadings is generally to be liberally given, see Foman v. Davis, 371 U.S. 178 (1962); Fed R. Civ. P. 15(a), this is not true when the Court reviews a complaint under § 1915(e). See Hawkins v. Morse, 194 F.3d 1312, at *1 (6th Cir.1999) (table opinion) ("The Court is not required to allow a plaintiff to amend his complaint in order to avoid a sua sponte dismissal."); McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

III.  The complaint

The Court has read the complaint.  From what can be gleaned, plaintiff alleges that the Michigan State Disbursement Unit failed to investigate lost or stolen checks and that the Friend of the Court failed to follow proper procedures knowing that the checks should have been found.

First, the Court cannot discern from the complaint the basis for federal jurisdiction or the relief plaintiff seeks.  As such, the complaint is subject to dismissal for lack of subject matter jurisdiction.

Moreover, to the extent that plaintiff is challenging actions by defendants and seeks damages, her claims are barred by the Eleventh Amendment.  The Eleventh Amendment to the United States Constitution states that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any Foreign State." U.S. Const. amend XII.  The Eleventh Amendment prohibition "specifically prohibits federal courts from entertaining suits brought directly against the states or its agencies." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 143 (1993).  Courts constitute agencies of the state and therefore are entitled to share in a state's sovereign immunity.  See Mumford v. Basinski, 105 F.3d 264, 269–70 (6th Cir. 1997).  Neither Congress nor the State of Michigan have waived Eleventh Amendment immunity for suits such as this.  As such, plaintiff's claims against defendants[1] are claims against the state itself and

---

[1] The Friend of the Court is clearly a state court.  The Michigan Sate Disbursement Unit "is a component of the Title IV-D (Child Support Enforcement)

therefore are barred by the Eleventh Amendment.

IV.

For the reasons stated above, even under a liberal pleading standard, the complaint fails to set forth a viable claim against the defendants.  The complaint is therefore DISMISSED for lack of subject-matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).  It is also DISMISSED under 28 U.S.C. § 1915(e)(2).  In light of this disposition, the Court certifies that any appeal from this decision could not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

       S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 24, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 24, 2012, by electronic and/or ordinary mail.

       S/Julie Owens
Case Manager, (313) 234-5160

---

program.  On November 3, 1999, Michigan Public Act 161 of 1999 was enacted to provide the authority for the MiSDU to receive and disburse child support payments." https://www.misdu.com/secure/CustomerService/FAQs/FOCFAQs.aspx  Thus, it appears to fall under the rubric of a state agency.